Barker *v.* Morton.

---

*J. E. McDonald* and *A. L. Roache,* for the appellee.

---

---

BARKER *v.* MORTON.

The lien for taxes does not attach on personal property until the duplicate is delivered to the collector.

APPEAL from the *Marion* Common Pleas.

*Per Curiam.*—The question in this case is, whether the lien for taxes attaches upon personal property before the duplicate is delivered to the collector, and we think it does not.

Each man is assessed for the property, real and personal, which he owns on the first day of January. The amount of his taxes depends upon the amount of his property on that day,. (1 G. & H., p. 71, sec. 13,) though he may not, at the time he is actually assessed, be the owner of the property for the value of which he is assessed. Taxes are a lien upon real estate from the first day of January. *Id.,* p. 99, sec. 112. As to personal property, the statute fixes no time. Indeed, it only inferentially creates a lien upon it at all.

But, in collecting taxes by legal process, the collector first seizes and sells all personal property belonging to the owner at the time he makes the levy. *Id.,* secs. 96 to 101. Now, suppose such property had been purchased since the first of the preceding January, and suppose the person who owned it at that time not to pay his taxes, and suppose the lien for his taxes attached at that time, could it be sold again, and taken away from the purchaser who bought it at a tax sale against the owner at the time of the sale? These two doctrines, both held to be coexistent, would produce utter confusion. And further, sec. 100, p. 98, 1 G. & H., authorizes the collector to seize all the personal property of a tax-payer for the payment of his taxes, at any time after the duplicate is received, if he shall deem it necessary to insure the payment of the taxes of the then owner of the property.

Again: taxes are not assessed against specific articles of personal property by description, but on the aggregate number, quantity, and value. Take money, take a stock of goods or manufactured articles, the tax-payer is assessed for what

he owned on the first day of January; but the merchant and the manufacturer have been all the season selling to customers, and the particular articles of personal property they then owned were not described in the assessment, and could never be identified, while such articles as they might own when the collector called, though never assessed, would be liable for their taxes.

Real estate is immovable, is identified in assessment, the record discloses the lien on each parcel, and the purchasers can easily protect themselves.

The judgment below is affirmed, with costs.

*David McDonald,* for the appellant.

*Wm. Henderson,* and *Ketcham* and *Mitchell,* for the appellee.