BLODGETT v. THE GERMAN SAVINGS BANK OF LAFAYETTE.

DELINQUENT TAXES.—*Lien of, on Growing Crops Belonging to Third Person.—Action by such Person Against Purchaser at Sheriff's Sale to Recover Value of Crops Sold to Pay Taxes.—Pleading.*—A complaint by A. against B. alleged, in substance, the following facts : That in 1875 C., being the owner of certain described lands, executed to the defendant a mortgage thereon to secure a certain indebtedness ; that said mortgage was foreclosed and the land sold to the defendant to satisfy his judgment ; that the lands were not redeemed ; that soon after said sale C. leased said lands to D. for one year, with an agreement that the tenant should farm said lands and pay as rent a certain proportion of all the crops ; that, shortly after said lease was executed, C. and wife conveyed said lands by warranty deed to the plaintiff, for a valuable consideration ; that, at the time of said conveyance to the plaintiff, there were growing crops on said lands being raised by said tenant under said lease, which were planted and matured by said tenant before the expiration of the year allowed for redemption from said sheriff's sale ; that the plaintiff's interest in said crops, immediately after said conveyance to him, was worth five hundred dollars ; that, at the time of the defendant's purchase at said sheriff's sale, there were certain taxes due and unpaid which were a lien on said lands ; that, soon after said lands were conveyed by C. and wife to the plaintiff, the defendant directed the treasurer to levy upon and sell the plaintiff's interest in said growing crops to satisfy said taxes, which said treasurer accordingly did, whereby the plaintiff's entire interest in said crops was wrongfully taken from and lost to him. Wherefore, etc.

*Held,* that the complaint does not state a cause of action.

From the Tippecanoe Circuit Court.

*D. Walton, J. M. Larue* and *F. B. Everett,* for appellant.

*G. O. Behm* and *A. O. Behm,* for appellee.

HOWK, C. J.—In this action the appellant sued the ap-

pellee, in a complaint of a single paragraph, to which complaint the appellee demurred upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court, and to this ruling the appellant excepted ; and, declining to amend or plead further, judgment was rendered against him for costs. From this judgment, he has appealed to this court and has here assigned, as error, the decision of the circuit court in sustaining the demurrer to his complaint.

The only question, therefore, for the decision of this court, is this : Does the appellant's complaint state facts sufficient to constitute a cause of action ? The proper presentation of this question, and of our decision thereof, renders it necessary for us to give a summary at least of the facts alleged in said complaint, in this opinion.

In this complaint the appellant alleged, in substance, that on the 9th day of February, 1875, one Peter Longlois, who was the owner in fee of the lands thereinafter described, and his wife executed and delivered to the appellee a mortgage upon the lands in Tippecanoe county, Indiana, particularly described in said complaint, containing one hundred and one and eighty-hundredths acres, more or less, to secure certain indebtedness from said Peter Longlois to the appellee; that afterward, on the 7th day of September, 1876, the appellee obtained a judgment and decree of foreclosure of the said mortgage in the superior court of said county, and afterward, on the 11th day of November, 1876, by virtue of said decree, caused said lands to be sold by the sheriff of said county to pay and satisfy said judgment, and that the appellee then and there, at said sheriff's sale, became the purchaser of said lands to satisfy its said judgment, and that said lands were not redeemed from said sale ; that soon after said Peter Longlois leased said lands to one Abram Dingman, for the term of one year, ending March 1st, 1878, with an agreement that said tenant should farm said lands and pay for the use and occu-

pation thereof, as rent, two-fifths of all the grain, corn, oats, wheat, potatoes, beans and other crops that he might raise thereon, to be delivered in the warehouse in Lafayette; that after the said leasing of said lands, to wit, in July, 1877, the said Peter Longlois and his wife, by warranty deed, sold and conveyed the said lands to the appellant, a copy of which deed was filed with and made a part of the complaint; that the said conveyance was made for a valuable consideration moving from the appellant to said Peter Longlois, to wit, the sum of one thousand dollars, which the said Longlois then and before that time owed the appellant, and which indebtedness was to be satisfied by said conveyance; that the said tenant took possession of said lands under said lease, and farmed the same, and, at the time of said conveyance by said Longlois and wife to the appellant, there were growing crops on said lands being raised by said tenant under said lease, which crops consisted of corn, wheat, oats, potatoes and beans, which were planted, grown and matured by said tenant on said lands, after the said sale thereof by the sheriff to the appellee, and before the expiration of the year allowed by law for the redemption thereof from said sale; that the appellant's interest in said crops, immediately after said conveyance to him, was worth at least five hundred dollars; that, at the time of the appellee's purchase of said lands at said sheriff's sale, there were State and county taxes due and unpaid, and a lien thereon, in the sum of $198.00; that, soon after the said conveyance of said lands by the said Longlois and wife to the appellant, the appellee instigated and directed the treasurer of said county to seize and levy upon the appellant's interest in said growing crops on said lands so planted, grown and matured by said tenant, and sell the same to pay and satisfy said taxes; and that the said treasurer did, under the appellee's direction, on the 25th day of July, 1877, after having so levied on the appellant's interest in said growing crops on said lands, sell and transfer

the same to pay and satisfy said taxes, whereby the entire interest of the appellant, in the said crops so raised by said tenant on said lands, during the season of 1877, and while said Dingman was the tenant of the appellant and his grantor, was wrongfully taken from and lost to him. Wherefore the appellant demanded judgment against the appellee for the sum of $600.00, and for other proper relief.

It seems to us, that the facts alleged in this complaint were clearly insufficient to show any cause of action in favor of the appellant and against the appellee. The theory of the complaint, as we understand its allegations, is that the appellee, by its purchase of the lands at sheriff's sale, which lands were then encumbered by the lien thereon of certain delinquent taxes, became personally liable for the payment of such taxes. This theory, we think, is a mistaken one. The appellee did not, by its said purchase of said lands, become personally liable for the payment of the delinquent taxes, which were a lien on the lands at the time of its purchase thereof. Although such taxes would have remained a perpetual lien on the lands in question, until paid, and might have been collected by the sale of those lands while in the possession of the appellee, yet they could never have been collected by the seizure and sale of other property of the appellee, situate elsewhere than on said lands. So far as the appellee was concerned, under the allegations of the appellant's complaint, the lands in question, of all the property owned by the appellee, could alone be subjected to the payment of the delinquent taxes thereon. But the case is different with the appellant. If, by the deed of Peter Longlois and his wife to the appellant, the latter acquired any title to or interest in the lands conveyed and in the crops then growing and maturing thereon, there can be no question, we think, that not only the lands but also the crops growing thereon, as long as they remained on the lands, would be equally as much

liable to the lien and payment of the delinquent taxes in the appellant's possession, as they would if they had remained in the possession of Peter Longlois, or as if they had passed at once, under the sheriff's sale, into the appellee's possession.

In other words, it seems to us that, under the allegations of the complaint, the delinquent taxes therein mentioned became as much, if not more, the personal debt of the appellant, than of the appellee. In the recent case of *Foresman* v. *Chase*, 68 Ind. 500, it was decided by this court, that where a person became the owner of lands, encumbered with delinquent taxes assessed against a former owner thereof, such taxes did not become the personal debt of such person, and could not be collected by distress and sale of any of his property except the lands so encumbered, and his property, if any, situate on such lands. The crops grown and matured on the lands described in appellant's complaint in this action were clearly liable, we think, to distress and sale for the payment of the delinquent taxes, which were a lien on the lands not only at the time of the sheriff's sale thereof to the appellee, but also at the time of the conveyance thereof by said Longlois and his wife to the appellant. The delinquent taxes were certainly no more the personal debt of the appellee, than of the appellant; and if, as alleged, the appellee " instigated and directed " the county treasurer to levy upon and sell the crops on said lands for the payment of said taxes, that was nothing more than the treasurer's duty required him to do. Such instigation and direction would not give the appellant any cause of action against the appellee. We are clearly of the opinion, that the court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, at the appellant's costs.