No. 7785.

## MESKER v. KOCH, TREASURER.

TAXES.—*Bankrupt Debtors.—Sale of Property.—Lien not Divested.—Treasurer May Enforce.*—Where one bought property of a bankrupt firm that was subject to the lien of taxes charged to the owners in the county in which it was situated, notwithstanding the sale, the lien continued, and the treasurer was authorized to enforce it by selling the property.

SAME.—*Complaint for Injunction.—Insufficient Grounds.*—Such sale can not be enjoined upon complaint of the purchaser showing as grounds, that the firm's name was dropped from the duplicate and their taxes charged to him; that the law under which part of the taxes were assessed had been repealed; that he has sufficient personal property out of which the taxes could be made; that the assignee has money to pay them; that, when he bought, the duplicate had been returned delinquent; and that, when he bought, the firm had sufficient other personal property out of which the taxes could have been made.

SAME.—In such case, an assessment in the name of the purchaser would have been valid.

SAME.—An injunction can not be granted if any of the taxes assessed are legal and remain unpaid.

SAME.—The treasurer may not sell the purchaser's other property for taxes charged to the firm.

SAME.—The State may, but is not bound to, follow funds into a bankrupt court for the payment of taxes.

SAME.—Taxes, once a lien upon property, under section 170, 1 R. S. 1876, p. 114, continue a lien until paid, and the return of the duplicate in no manner impairs it.

SAME.—The failure to collect the taxes out of other property of the firm did not divest the lien.

From the Vanderburgh Circuit Court.

*J. S. Buchanan, H. C. Gooding* and *C. Buchanan,* for appellant.

*H. A. Mattison* and *W. F. Smith,* for appellee.

BEST, C.—The appellant brought this suit to restrain the appellee, as treasurer of Vanderburgh county, from selling some property for the payment of taxes. A demurrer, for want of sufficient facts, was sustained to the complaint, and this ruling raises the only questions in the record. The complaint is as follows:

"Plaintiff, for complaint, says that the defendant is legally elected and qualified and acting treasurer of Vanderburgh county, in the State of Indiana; that he has, as such treasurer, by virtue of the assessment and the tax duplicate in his hands, levied on, seized and advertised for sale, on the 31st day of August, 1877, the following described property of the plaintiff, to wit: One engine and boiler complete, one

cupola for smelting iron, one small grindstone, one punching machine, three anvils, two screw-cutters, four drills, one lot pulleys and shafting ; also, the unexpired term of the lease held on the southwest half of lots 15 and 16, in the lower, or McGary's, enlargement of the city of Evansville, Indiana, dated September 10th, 1869, running ninety-nine years from said date, together with all the buildings on said parts of lots, in order to pay and satisfy a pretended claim of $875.55, which said defendant claims that plaintiff is indebted for State, county and township taxes.   And plaintiff says that he does not owe said amounts, but that all of said pretended tax of $875.05, except the sum of $175, which he tendered defendant before the bringing of this action, and which was refused, is illegal and void, and should be enjoined for the following reasons :

"*First.* That said tax, except said sum mentioned, is a tax that accrued prior to the year 1875, and is the tax of C. Linderschmidt & Bro., and that the name of Linderschmidt & Bro. has been dropped from the tax duplicate, and all their tax transferred to and assessed against and in the name of plaintiff, thereby making him personally responsible therefor.

"*Second.* That $400 of said pretended claim of defendant was assessed and became due before the 1st day of April, 1873, and that there is no law for the collection of the same, because of the repeal of the law under which they were assessed.

"*Third.* That said treasurer, in making such levy, with the exception of the patterns and wooden flasks, levied upon chattels real, when the law compels him to levy on personal property, and the plaintiff has sufficient personal property out of which defendant could have made the full amount of said tax.

"*Fourth.* That C. Linderschmidt & Bro. are in bankruptcy, and that there has been, in the hands of the assignee,

the sum of $900, which was ordered by the court to be paid the creditors, according to their respective rights; and that said aforementioned tax is set forth in the schedules, and is a preferred claim, and that there was enough in the hands of the assignee to have paid the whole of the same, which fact was known to the treasurer of said county, and that he failed and neglected to collect the same from said assignee.

"*Fifth.* That plaintiff purchased, at sheriff's sale, the above described property, and that he purchased the same when there was no tax duplicate in the hands of the treasurer for the collection, and after the same for that year (1875) had been returned delinquent.

"*Sixth.* That, at the time plaintiff purchased said property, the firm of C. Linderschmidt & Bro. had sufficient other personal property out of which said tax could have been made.

"Plaintiff further says, that he is carrying on the manufacturing business in the city of Evansville, Indiana, and if said property above described is sold for said taxes, it would cause him irreparable damage, such as he could not be compensated for in an action for damages, and that said tax is a cloud upon the title to his property; that defendant, unless enjoined by the court, will sell said above described property. Wherefore he prays the court that all of said tax, except the said sum of $175, which he here brings into court and deposits with the clerk, be declared illegal and void as to this plaintiff, and no lien on his said property; and that the defendant be perpetually enjoined from selling or disposing of said property for said tax, and for all other proper relief."

The various causes for an injunction will be considered in the order of their statement:

First. If the property levied upon was liable for the taxes of C. Linderschmidt & Bro., the fact that the name of said firm had been dropped from the duplicate, and the name of the plaintiff substituted, furnished no ground to restrain the

sale of the property for the payment of the taxes. Had the assessment been made in the name of the plaintiff, it would have been valid, and certainly the substitution of his name after it was made could not render it invalid. 1 R. S. 1876, p. 97, sec. 102. Were it averred that the appellee was attempting to hold the appellant personally liable for the payment of such taxes, or was seeking to sell property other than such as he acquired from C. Linderschmidt & Bro., a different question would be presented.

Second. It is insisted that the $400 of taxes alleged to have been assessed before the 1st of April, 1873, can not now be collected, for the reason that the law under which the assessment was made has been repealed without any saving clause. Conceding, without deciding, that this is true, it furnishes no reason to restrain the treasurer from collecting the taxes assessed since that time. An injunction can not be granted, if any of the taxes assessed are legal and remain unpaid. *Brown* v. *Herron*, 59 Ind. 61; *The City of South Bend* v. *The University of Notre Dame*, 69 Ind. 344. Unless some cause is alleged for enjoining the collection of the residue of the taxes, in connection with this fact, the question sought to be raised is not presented. None is averred, and, therefore, the question does not arise.

Third. If the bulk of the property levied upon is to be regarded as real estate, the fact that the plaintiff had sufficient personal property out of which the taxes could have been collected was no reason for restraining the treasurer, as he had no right to sell the other property of appellant for the payment of C. Linderschmidt & Bro.'s taxes.

Fourth. The appellant insists that as Linderschmidt & Bro., after the assessment of these taxes, took the benefit of the bankrupt law, scheduled these taxes as a debt against the estate, and as the assignee had sufficient money in his hands with which to pay them, it was the duty of the treasurer to follow the fund, and that his failure to do so divested

the lien upon the property in dispute. In support of this position, *Smith* v. *Simpson*, 60 Pa. St. 168, is cited. The case is not in point. City taxes had been assessed upon real estate which was subsequently sold, at a judicial sale, for a sum greatly in excess of the taxes. By statute such sale divested the lien for taxes. The court said: "City taxes under the act of 1824, and its supplements, are a prior but a divestible lien, unlike the fixed lien of a mortgage, which can not be divested by a sale on a junior incumbrance, its lien is liable to be divested by any judicial sale, subject only to the restriction contained in the sixth section of the act of 11th March, 1846, which preserves the lien of so much of the tax as the proceeds of sale are insufficient to pay." We have no such statute. No other authority is cited, and we know of none supporting appellant's position. On the other hand, it was decided in *Stokes* v. *The State*, 46 Ga. 214, that the State can enforce the payment of its taxes by a sale of the property upon which they are a lien, though the owner has been adjudged a bankrupt, and the assignee has sold the property to a third party. The court, after saying that the State has the right to follow the property into whosesoever hands found, says: "The bankrupt law does not attempt to deprive a State of this power. True, it makes provision for the payment of the State taxes, if the State choose to come into the bankrupt court and claim them, but she can not be compelled to come in. Hence, the assignee, by sale of a bankrupt's property, can not divest the right of the State to enforce the payment of her taxes on the property, wherever it may be found." Besides, this property never became assets in the hands of the assignee, but was purchased by appellant subject to the lien for taxes, and, therefore, he can not insist that the treasurer shall follow the fund in the hands of the assignee, arising from the sale of other property.

Fifth. The appellant insists that there is no lien upon personal property for taxes, unless the duplicate is in the hands of the treasurer, and, as he purchased the property in question, after it had been returned, he took it divested of any such lien. In this he is mistaken. The statute creates a lien on personal as well as real property, for all taxes charged to the owner, until paid. It is as follows:

"Sec. 170. All the property, both real and personal, situated in any county, shall be liable for the payment of all taxes, penalties, interest and costs charged to the owner thereof in such county, and no partial payment of any such taxes, penalties, interest, or cost, shall discharge or release any part or portion of such property, until the whole be paid; which lien shall in no wise be affected or destroyed by any sale or transfer of any such personal property." 1 R. S. 1876, p. 114.

The taxes were charged to the owner of the property in the county where the property was situated, and was, therefore, within this section of the statute. The lien thus created continues until the taxes are paid, and the return of the duplicate in no manner impairs it. The cases of *Baker* v. *Morton*, 19 Ind. 146, and *Veit* v. *Graff*, 37 Ind. 253, holding that there is no lien upon personal property until the duplicate is delivered to the treasurer, decide nothing contrary to the conclusion reached by us. Besides, these cases were decided before the present statute was enacted, and, therefore, settle nothing under it.

Sixth. The appellant insists that, as C. Linderschmidt & Bro., at the time he purchased the property in dispute, had sufficient other property out of which the taxes could have been collected, the treasurer is precluded from selling this property. No authority is cited in support of this position, nor do we know of any. The taxes were a lien upon the property; its sale did not divest the lien, nor was it lost by the failure of the treasurer to collect them out of other property. The lien continued, and the treasurer was authorized

to enforce it by selling the property. Neither of these reasons, nor all of them, furnished any ground for enjoining the appellee from selling the property in dispute, and, therefore, the court did not err in sustaining the demurrer to the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the costs of appellant.