No. 9478.

## BUNNELL *v.* FARRIS.

TAXES.—*Action Against County Treasurer for Selling Real Estate.—Complaint. —Personal Property.*—A complaint against a county treasurer to recover damages for selling the plaintiff's lands for taxes, which alleges that the plaintiff had personal property within the county sufficient to make the taxes, and so informed the defendant, but fails to allege the character of the personal property, and that it was subject to seizure and sale, and that the property was shown to the officer, is bad on demurrer.

From the Carroll Circuit Court.

*R. Gregory,* for appellant.

*J. H. Wallace,* for appellee.

ELLIOTT, J.—It is alleged in the appellant's complaint, that appellee is the treasurer of White county; that appellant is the owner of certain lands in that county; that taxes assessed against his property became delinquent, and were so returned to the treasurer; that a deputy treasurer called at the appellant's house and demanded payment; that the deputy was informed that he, the appellant, had personal property in the county to the value of fifteen hundred dollars; that he was in fact the owner of personal property of that value; that he was informed by the deputy " that he did not care; that he would sell every foot of land owned by the appellant;" that thereafter the treasurer did sell the land.

Conceding, but not deciding, that a treasurer is liable for selling real estate when the taxpayer has personal property out of which the taxes could be made, the complaint is bad. A complaint in such a case should show the character of the personal property, and that it was subject to seizure and sale. It is not enough to show that the taxpayer informed the officer that he was the owner of personal property; it must also show that it could have been reached by the process in the hands of the treasurer.

The presumption is that the public officer did his duty, and one who seeks a recovery upon the ground that a breach of

duty was committed, must affirmatively state such facts as constitute a breach. An officer can not be mulcted in damages unless it be made to appear that he has not performed his duty. For anything that appears, the personal property which the appellant claims to have owned may not have been within the officer's reach. A taxpayer, of whom taxes is demanded, ought to exhibit to the treasurer personal property out of which the taxes can be collected, if he would secure a cause of action for levying upon and selling real estate. It is the duty of the person owing the taxes to pay them, and the duty of the treasurer in default of payment to levy upon and sell property. While personal property is the primary fund out of which taxes are to be paid, still the treasurer is not, at least as against the taxpayer, bound to resort to extraordinary means or diligence to find personal property to sell in discharge of taxes which are a specific lien upon the land which he actually sells.

In order to make the treasurer in such a case liable in damages, it is certainly necessary for the plaintiff to affirmatively show that there was personal property, which, by ordinary diligence, the officer could have seized and sold. It may be true, that the taxpayer has such property, and yet equally true that the officer could not seize it under his warrant. There is nothing in the present complaint showing that there was any personal property accessible to the appellee.

The court did right in sustaining the demurrer to the complaint.

Judgment affirmed.