Volger *et al. v.* Sidener.

No. 9656.

## VOLGER ET AL. *v.* SIDENER.

INJUNCTION.—*Delinquent Tax Sale.—Ownership of Personal Property.—Pleading.—Motion to Make Specific.*—Complaint by a purchaser of real estate at sheriff's sale, to enjoin its sale for delinquent taxes, alleging that the delinquent owner had "leviable personal property," etc.

*Held*, that a motion to make specific by a particular description of such personalty, and where situated, should have been granted.

BILL OF EXCEPTIONS.—*Time of Filing.—Presumption.*—Where a bill of exceptions is filed on a subsequent day of the same term at which a ruling is made, stating when the exception was taken, it will be presumed that time was given in which to file the bill, and that it was filed within the time so given. ·

From the Bartholomew Circuit Court.

*F. T. Hord* and *W. B. Hord,* for appellants.

*A. Burns, S. Stansifer* and *W. D. Stansifer,* for appellee.

ZOLLARS, J.—On the 9th day of February, 1880, appellee commenced this cause in the court below against appellants, as the treasurer and auditor of Bartholomew county, to enjoin the sale of the land described in the complaint, to make the amount of the delinquent taxes charged thereon. After various rulings on motions and demurrers a trial was had. A motion by appellants for a new trial was overruled, and a judgment was rendered perpetually enjoining the sale of the land. Exceptions were taken to the several rulings as made. Upon these rulings errors are assigned in this court. No question is made as to the legality or regularity of the assessment and levy of the taxes for the several years. The injunction is asked upon the ground that the treasurer had not collected the taxes from personal property.

The complaint is in two paragraphs. The following summary of the first paragraph we take from the brief of counsel for appellee: The first paragraph of the complaint shows that Sidener owned the land, the sale of which is sought to be enjoined, on the 1st day of April, 1877, and sold and conveyed

the same to John Book on the 1st day of September, 1877. The taxes for 1877, with delinquent taxes and penalties for the preceding year, were paid by Sidener, but the treasurer returned the land delinquent for non-payment, and the auditor recorded the land as delinquent and charged thereon the amount of $23.74 delinquent taxes. Book not paying the taxes for 1878, the amount thereof, with penalty, together with said sum of $23.74, were charged as delinquent against the land, it having been assessed in his name, and the delinquencies charged against him, and the land was advertised for sale, to pay said alleged, and in fact, delinquencies, together with the current taxes for the year 1879. Sidener holds by a sheriff's certificate of purchase of the land given on sale under a decree of foreclosure of mortgage executed to him by Book to secure his unpaid purchase-money, the amount exceeding the value of the land. Book is insolvent and unable to redeem. During the whole of the current delinquent year, 1879, Book had and owned in said county leviable personal property of the value of $500, and still continues to hold and own a sufficient amount of leviable personal property in said county to pay said taxes, interest, penalty and costs; that no levy or other effort has been made to collect said unpaid taxes from the personal property of said John Book.

The portion of the second paragraph that we need notice particularly is in substance as follows: On and from the 1st day of April, until the 9th day of October, 1875, one William Kalor was the owner of and in the possession of the land. On the latter day he sold and conveyed the land to one Levi H. Young, who owned and was in possession of the same until the 20th day of January, 1877, when he conveyed it to appellee, who owned and continued in the possession of the same until the 18th day of September, 1877. On that day appellee conveyed it to John Book, and took from him and wife a mortgage to secure the purchase-money. This mortgage was foreclosed on the 29th day of March, 1879, the decree being,

for the amount due on the mortgage, and costs; in all, $2,042.-
83. The land was sold by the sheriff on the 26th day of April,
1879, for $525. Appellee was the purchaser, received a certifi-
cate from the sheriff, and held and owned it when this action
was commenced. The judgment, with interest at ten per cent.,
except the $525, is unpaid. The land is insufficient to pay the
debt. Book is insolvent, and unable to redeem. The averments
further show that the land was properly charged with taxes for
the years named, as follows, viz.: 1875, $21.04; 1876, $18.82;
1877, $16.90; 1878, $26.58; 1879, $23.88. Kalor paid $7.27 of
the tax of 1875, leaving $13.77 unpaid and delinquent. Young
did not pay the tax of 1876, nor the delinquent tax of 1875.
Appellee paid the taxes of 1876 and 1877, as they became due,
but the treasurer returned them as delinquent, and they were
so charged by the auditor as delinquent. Book did not pay
the tax of 1878, when it became due, nor the delinquent tax
of former years, which had been carried forward and charged
to him, making in all $50.52. At the proper time the land
was advertised for sale to make the amount of the delinquent
taxes, to which was added the tax of 1879.

It is further alleged that said Kalor, on the 3d Monday of
April, 1876, "and ever since said date, has owned and held
in said county a large amount of leviable personal property,
of the value of $500, out of which said taxes might have been
made;" that Young, on the third Monday of April, 1877,
"and for a long time thereafter, to wit, one year, owned and
had leviable personal property in said county of Bartholomew,
of the value of $100, out of which all of the taxes of the year
1876, current and delinquent, could have been made; that
Book, on the third Monday of April, 1879, had and owned
in said county, leviable personal property of the value of $500,
and continued to hold and own the same in said county."

It is further averred that no attempt has been made by the
treasurer of said county, by levy or otherwise, to collect said
unpaid taxes from the personal property of said Kalor; that

appellee pointed out to the treasurer the personal property of Young, but he failed and refused to collect the tax, or make any effort to do so, either by levy or otherwise, out of the said property of said Young; that the treasurer failed and refused to collect the said tax, or any part thereof, from the personal property of said Book, by levy or otherwise, and after the third Monday of April, 1879, returned the lands as delinquent. Appellant filed a motion to strike out portions of this paragraph, which was overruled and he excepted. Under the repeated decisions of this court, the overruling of such a motion is not an available error.

Appellants also filed a motion to have the complaint made more specific, as to the first paragraph: "To set forth particularly the property, and kind of property, owned by Book, subject to levy and the payment of taxes, and where it was situated, and when it was owned by him.

"To render the second paragraph of complaint more specific in this:

"1. To set forth with particularity a description of the personal property owned by William Kalor, and where the same was situated, and when it was owned by him.

"2. To set forth particularly the personal property owned by Levi H. Young, and where it was situated, and when he owned it.

"3. To set forth a specific description of the property owned by John Book and subject to levy, and where situated."

This motion was overruled, and appellants excepted. It was overruled on the 28th day of February, 1881. On the 7th day of March, 1881, at the same term of court, a bill of exceptions was filed embodying the motion, ruling and exception. There is no affirmative statement in the record that time was given in which to reduce to writing and file the bill. For this reason it is urged that the bill is not in the record. Under the code of 1852, in force at the time the bill was filed, it was necessary, to bring into the record an exception to a ruling upon a motion like the one above, that the bill should

be signed and filed at the time of the ruling and exception, or that time should be then given, and the bill be filed within that time. It seems that if the time given was to a date in the term at which the exception was taken, it might be by parol, and evidenced by statements in the bill. The bill in this case shows that the exception was taken at the *time* the motion was overruled. It was filed on a day in the term at which the exception was taken. It has been held in former decisions of this court, that where a bill has been filed during the term, as this was, and contains the statement as to the time the exception was taken, as this does, it will be presumed that time was given, and that the bill was filed within the time so given. *Harrison* v. *Price,* 22 Ind. 165 ; *Johnson* v. *Bell,* 10 Ind. 363 ; *Flory* v. *Wilson,* 83 Ind. 391. Under these decisions, and we think they establish a reasonable rule, the bill of exceptions in this cause is in the record, and the questions raised by the motion to have the complaint made more specific are before us for decision.

The statute in force when the taxes were assessed and levied, and when this action was commenced, provided that real property should be listed and assessed to the owner or owners thereof, with reference to the amount owned on the 1st day of April, including all property purchased on that day, and that the owner on that day should be liable for the taxes of that year. 1 R. S. 1876, pp. 97 and 98, sections 102 and 103.

It further provided, that if such owners should neglect and refuse to pay their taxes, the treasurer should, after the third Monday of April of the year following the levy, collect the same by distress and sale of the goods and chattels of such person who ought to pay the same, etc. 1 R. S. 1876, p. 111, section 155, and p. 140, section 4.

Under these sections the tax of 1875 should have been paid by Kalor ; the tax of 1876 by Young ; the tax of 1877 by appellee, and the taxes of 1878 and 1879 by Book. If they neglected or refused to pay such taxes, the treasurer should have made the same by the distress and sale of their goods

and chattels. These taxes became a lien upon the personal property of each of said owners. The amount for which one of said owners was liable could not, however, be made by the sale of the personal property of another. *Mesker* v. *Koch,* 76 Ind. 68; *Blodgett* v. *German Savings Bank of Lafayette,* 69 Ind. 153; *Foresman* v. *Chase,* 68 Ind. 500.

If Kalor, Young and Book had, at the time this suit was commenced, and for a reasonable time before that date, personal property in the county sufficient in amount to pay the taxes due from them severally, and it was of such a nature and so situated that the treasurer, by the exercise of reasonable diligence, could have levied upon it, and made the amount of the taxes, it was clearly his duty to have done so; and the real estate could not be sold against the consent of the owner, until such personal property should be exhausted. This is the settled law of this State. Of the many cases we cite *Abbott* v. *Edgerton,* 53 Ind. 196; *Morrison* v. *Bank of Commerce,* 81 Ind. 335.

It is not the law, however, that because the treasurer may have neglected his duty, and the person against whom the taxes were assessed may have ceased to own personal property in the county out of which to make the tax, the lien upon the land was lost. The statute declared in explicit terms, that the lien for all taxes should attach on all real estate on the 1st day of April, and should be perpetual until payment. 1 R. S. 1876, p. 114, secs. 169 and 170; *Mesker* v. *Koch, supra; Rinard* v. *Nordyke,* 76 Ind. 130.

The many cases cited by the learned counsel for appellee are not in conflict with our construction of the statute in this case, and of the cases above cited. It will be found upon examination that those cases are based upon the fact of the existence of personal property at the time of the sale, or threatened sale, of the real estate. It is neither held nor intimated in any of them that the lien upon real estate may be lost by the carelessness or neglect of duty on the part of the treasurer,

in collecting from personal property. From what we have said it follows that, in the case under consideration, it must appear from the allegations of the complaint, that, at the time this case was commenced, and for a reasonable time preceding that date, each one of the parties liable for the unpaid taxes of the several years as stated had personal property out of which the treasurer could have made such taxes, by the exercise of reasonable care and diligence. If either one of them did not have such personal property at the time indicated, the sale of the land could not be enjoined without the payment or tender of the amount for which he was liable. The rule is that if any portion of a tax is legal, and collectible by the sale of real estate, such portion must be paid or tendered before equitable relief against the sale will be granted. 76 Ind. 68 and 130, *supra; McWhinney* v. *Brinker*, 64 Ind. 360 ; *Mullikin* v. *Reeves*, 71 Ind. 281 ; *City of Delphi* v. *Bowen*, 61 Ind. 29.

It will be apparent from what we have said, that the allegations in relation to the possession and ownership of personal property are essential. They should be specific and certain, so that the defendants may readily know what they are called upon to meet by answer and proof.

In the case before us, we think that the court below erred in overruling the motion to make the complaint more specific. In the first paragraph the statement is that, during the year 1879, Book had and owned in said county leviable personal property of the value of $500, and still continues to hold and own a sufficient amount of leviable personal property in said county to pay said tax, interest, penalty and costs. In the second paragraph the statement is that Kalor, since the third Monday of April, 1876, has owned and held in said county leviable personal property, out of which said taxes might have been made. The allegations in relation to Young are not important, as it appears that the tax for which he was liable was paid by appellee. The statement in relation to Book's

personal property is that, on the third Monday of April, 1879, he had and owned in said county leviable personal property of the value of $500, and continued to hold and own the same in said county.

We think that the complaint should state the specific kinds of personal property. If it consisted of live-stock, grain, farming utensils, household goods, money, etc., it should be so stated. The word "leviable" does not dispense with the necessity of the specific allegations. The personal property upon which the statute makes the tax a lien includes money, stocks, bonds, etc. 1 R. S. 1876, p. 76, sec. 15; p. 114, sec. 170. All of these are "leviable," not only for taxes, but upon an ordinary execution. 2 R. S. 1876, p. 207. But money and bonds can not be levied upon unless turned out. For aught that appears from the statements in the complaint, the personal property owned by Kalor and Book may be such that the treasurer could not levy upon it, unless turned out. It may be such that they can conceal, and have concealed it from him. The law gave him no power to reach property by any extraordinary proceedings; and if it had it would not follow that he should resort to such remedy before selling the real estate upon which the tax is a lien. The second paragraph should be more certain as to the time when Book had and owned personal property in the county. See *Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297; *Bunnell* v. *Farris,* 82 Ind. 393.

Having reached the conclusion that the judgment must be reversed, by reason of the error in overruling the motion for an order to have the complaint made more specific, it is unnecessary for us to examine and decide other questions discussed by counsel.

The judgment is reversed, at the costs of appellee.