Jones *v.* Jones *et al.*

No. 10,549.

## JONES *v.* JONES ET AL.

From the Madison Circuit Court.

*W. R. Pierse* and *C. B. Gerard*, for appellant.
*H. D. Thompson* and *T. B. Orr*, for appellees.

ZOLLARS, J.—Action by appellant to quiet his title to certain lands in Madison county. Appellees Ferdinand and John L. Jones, by guardian ad litem, filed a cross complaint, setting up title to the undivided one-third of the land, and asking for partition. The cause, being at issue, was submitted to the court and tried on the 17th day of June, 1882. Having taken it under advisement, the trial court, on the 21st day of June, 1882, being the 21st judicial day of the June term, made a finding that the cross complainants are the owners of, and entitled to, the interest claimed by them, rendered an interlocutory judgment fixing that interest, and appointed commissioners to make partition and report at the ensuing term. There is in the record what purports to be a bill of exceptions, filed on the 26th day of July, 1882. Contained in this bill is a written motion for a new trial. This bill was filed in vacation. The record does not show that time was given to file it, except as recited in the bill. Nor does the record show that a motion for a new trial was filed by appellant, except as re-cited in this bill of exceptions.

On the 24th day of October, 1882, being the 14th judicial day of the October term, the commissioners reported that the land could not be divided without damage to the owners. This report was approved, and a commissioner appointed to sell the land. After this order, appellant filed a motion for a new trial, stating as grounds that the decision of the court is not sustained by and is contrary to the evidence, and contrary to law, and that the court erred in excluding the testimony of a witness. This motion was overruled and appellant excepted.

On the 6th day of November, being the 25th judicial day of the October term, appellant filed a second bill of exceptions, which purports to contain the evidence. There is a statement in the record preceding the bill, that it was properly signed by the judge within the time given by the court. Whether filed within the time so given, or whether time was given at the June or October term to file the bill, does not appear. We can not presume that it was filed in pursuance of leave given at the June term. Having been signed and filed during the October term, it will be presumed that it was filed within the time given at that term. *Volger* v. *Sidener*, 86 Ind. 545.

The errors assigned in this court are, that the court below erred in overruling appellant's motion for a new trial, and in ordering the land sold.

It is contended by appellees that the motion for a new trial filed at the October term was too late to call in question the finding or decision of the court in ordering partition; that the bill of exceptions filed on the 26th day of July, in vacation, is not in the record, because the record does not show that time to file it was given at the June term, when the decision was made; that the statement in the bill, that time was given, is not sufficient, and, more, that if the bill was in the record, its statements, in relation to the filing of a motion for a new trial at the June term, can not be accepted or acted upon.

In these several contentions appellees are correct. This case is clearly within the decision of the case of *Jones* v. *Jones, ante,* p. 72. Upon the authority of that case, to which we refer, the judgment in this is affirmed, with costs.

Filed Oct. 31, 1883.