No. 11,164.

## City of. Logansport et al. *v.* Carroll.

Taxes.—*Complaint to Enjoin Sale of Land for.*—A complaint to enjoin the sale of lands for taxes, which shows that the taxes have been paid, and also that the former owner against whom the taxes were assessed had abundant personal property subject to distress and sale for the taxes, shows two good reasons for the injunction.

Supreme Court.—*Harmless Error.*—*Evidence.*—The admission of improper evidence, which it affirmatively appears did not affect the verdict, is a harmless error and not available in the Supreme Court.

From the Cass Circuit Court.

*J. C. Nelson* and *Q. A. Myers,* for appellants.

*D. B. McConnell, R. Magee* and *S. T. McConnell,* for appellee.

Colerick, C.—This action was brought by the appellee to enjoin the treasurer of the city of Logansport from selling certain real estate for taxes that had been assessed thereon by the city. A demurrer to the complaint, alleging insufficiency of facts, was overruled, and an answer of general denial was filed. The issues were tried by the court, and resulted in the rendition of a judgment in favor of the appellee, over motions for a new trial and in arrest of judgment. The errors assigned are the rulings of the court upon said demurrer and motions.

The material averments in the complaint were that the appellee was the owner of said real estate, which is described; that he purchased the same from Dyer B. McConnell, who purchased it from Hiram Z. Leonard; that at the time McConnell purchased it from Leonard certain taxes, amounting to about $195, were due from Leonard to the city; that at said time, and for a long period thereafter, Leonard was the owner of abundant personal property to satisfy said taxes, and the property so owned by him is described in the complaint. It was also averred that after the purchase of said real estate

by the appellee, the city had taken no steps to collect said taxes from Leonard, although he had, *and still has,* abundant personal property out of which the same can be, and might have been, collected, to wit, a lot of household goods, situate in a house on the east half of lot ——.   It was also averred that the taxes so assessed had been paid, that the appellants were attempting to collect said taxes from the real estate purchased by the appellee as aforesaid, and had advertised the same for sale, which sale, if made, would cast a cloud upon his title.   Wherefore he prayed that the appellants be enjoined from selling the same, etc.

By these averments it appears that Leonard, before and at the time of the commencement of this action, had ample personal property out of which the taxes could have been, and can be, collected.   It is the settled law of this State that the personal property of a person against whom taxes are assessed must be first levied upon and exhausted before his real estate, against his consent, can be sold to pay the taxes, provided the personal property is of such a nature and so situated that the treasurer, by the exercise of reasonable diligence, can levy upon it and make the amount of the taxes.   See *Volger* v. *Sidener,* 86 Ind. 545, and the cases there cited.   If the averments of the complaint in this case as to the nature, value and location of the personal property so owned by Leonard were indefinite and uncertain, as now asserted by the appellants, the court, on proper motion, would have required the complaint, in these respects, to have been made more specific and certain.   *Volger* v. *Sidener, supra.*   No such motion was made.   The defects now complained of were cured by the finding of the court.   *Pittsburgh, etc., R. W. Co.* v. *Hunt,* 71 Ind. 229.

The averment that the taxes had been paid before the commencement of the action rendered the complaint unquestionably good.   The demurrer was properly overruled.

The only causes assigned for a new trial, that have been

discussed by the appellants, are, that the finding of the court was not sustained by sufficient evidence, and that the court erred on the trial in admitting certain evidence that was offered by the appellee, which is recited in the motion for a new trial. We have carefully examined the evidence, and find that it strongly tends to sustain the finding of the court, especially the averment in the complaint that the taxes had been paid before the action was brought. We can not disturb the finding on the weight of the evidence.

The evidence that was introduced over the objection of the appellants, above referred to, and of which complaint is made, related to the appointment of George W. Flanigan as deputy treasurer of the city of Logansport, and the confirmation of his appointment by the common council. We think, in view of the evidence set forth in the record, that it was wholly immaterial whether Flanigan was, or was not, legally appointed such deputy treasurer. If the appellee's right of recovery in the action had depended upon the legality of the levy that was made by Flanigan as such deputy, and of which he testified, it would probably have become proper, if not necessary, for us to decide the question presented as to the competency of the evidence introduced in relation to his appointment. But there is no conflict in the evidence as to the fact that the levy which was made by him was afterwards released. Evidently the finding in favor of the appellee was not based upon the fact that a levy had been made by Flanigan, but was founded upon the fact that the taxes had been paid. The admission of irrelevant and incompetent evidence, when it clearly appears that the verdict or finding was not based upon it, or influenced by it, is a harmless error. *Pettis* v. *Johnson,* 56 Ind. 139; *Roberts* v. *Huddleston,* 93 Ind. 173. The appellants were not prejudiced or injured by the evidence, and, therefore, can not complain. See *Scotten* v. *State, ex rel.,* 51 Ind. 52.

No error was committed in overruling the motion for a new trial. The other error assigned has not been discussed.

by the appellants, and hence will not be considered by us. There is no error in the record.

PER CURIAM.—The judgment is affirmed, at the costs of the appellants.

