No. 218.

BRAND *v.* THE STATE, EX REL. HAYWOOD, PROSECUTING ATTORNEY.

TAXES.—*False List.—Action to Recover Penalty.—Complaint.—Motion to Make More Specific.*—In an action to recover the penalty prescribed by section 6339, R. S. 1881, for making a false tax list, the complaint alleged that the defendant on the first of April was the owner of five thousand five hundred and forty-five dollars loaned by him, and on said day was also the owner of credits due him to the amount of five thousand five hundred dollars; that the tax list made by the defendant was false and

fraudulent, in that it did not contain said sums of money loaned by the defendant and the credits owing him as aforesaid.

*Held,* that the defendant was entitled to a more specific statement of the moneys loaned and credits owing him, and that a motion to make the complaint more specific in those particulars should have been sustained.

From the Tippecanoe Circuit Court.

*J. D. Gougar* and *J. M. La Rue,* for appellant.

*R. P. Davidson* and *G. P. Haywood,* for appellee.

NEW, C. J.—This was an action by the appellee against the appellant, to recover the penalty named in section 6339, R. S. 1881. The substance of the complaint is as follows:

On the 1st of April, 1888, the defendant was the owner of a large sum of money loaned by him, to wit, five thousand five hundred and forty-five dollars, and on said day was also the owner of a large sum of credits due and owing him, to wit, the sum of five thousand five hundred dollars. On the 5th of May, 1888, William Taylor, the assessor, furnished the appellant with proper blanks, that he might make out and give to said assessor, for taxation, a full list and description of all the personal property owned by the appellant on the 1st of April, 1888; that on the 5th of May, 1888, the appellant made and delivered to the said assessor, for the purpose of taxation, a list, schedule and statement, purporting to be a full, true and correct list, schedule, statement and description of all the personal property of which the appellant was the owner on the 1st of April, 1888, and which was then and there subject to taxation; that said list so made by the appellant and delivered to said assessor, was not a full statement of the appellant's moneys loaned and credits owing him, as aforesaid, but was a false and fraudulent list in this, to wit, that said list, schedule and statement did not contain said sum of moneys, loaned by the appellant, and credits owing him as aforesaid, or any part thereof. Wherefore, etc.

The appellant moved the court that the appellee be required

to make the complaint more specific: *First.* By stating specifically what credits the appellant was the owner of on the 1st of April, 1888, giving the amounts of each, if the same consisted of more than one item. *Second.* By stating what part of said credits was for money loaned and to whom said money, if any, was loaned.

The motion was overruled and exception taken.

Counsel for the appellee, in their brief, say that the complaint was as specific as the appellant was entitled to, and as full as it was practicable for the appellee to give.

We are of the opinion that the appellant was entitled to a more specific statement of the moneys loaned and credits owing him, which he was charged as withholding falsely and fraudulently from the assessor. A sum exceeding ten thousand dollars was involved, and it was not unreasonable for the appellant to demand, and for the appellee to be required to make, provided he could do so, a more specific statement of the facts which would be relied on in the trial. This the appellant was fairly entitled to, that he might be informed with reasonable certainty what proof would be attempted by the appellee, and how to prepare his defence.

In *Volger* v. *Sidener*, 86 Ind. 545, which was an action by a purchaser of real estate at sheriff's sale, to enjoin the sale of the real estate for delinquent taxes, the complaint alleging that the delinquent owner had leviable personal property, etc., a motion to make more specific by a particular description of the personal property was held to be well taken, and the case was reversed because of the overruling of the motion by the lower court. The court said that "the complaint should state the specific kind of personal property. If it consisted of live stock, grain, farming utensils, household goods, money, etc., it should be stated."

Money is loaned in various ways, and by credits is meant whatever is due to the party from any other person, company or corporation, in the shape of labor, property or money.

If, in the case cited, and other cases not unusual in their

character, such motions are sustained, it would seem that the practice ought not to be less liberal toward a defendant where, as in the case at bar, the action is to recover a statutory penalty. If penal statutes must be strictly construed because of the tenderness of the law for the rights of individuals, the practice in the enforcement of such statutes should not be altogether out of harmony with the reason upon which that rule of construction is founded.

In cases where moneys are loaned, amounting in the aggregate to thousands of dollars, and where there are credits owing to the same person amounting in all to as much, it would seem, from common observation and experience, to be not exceptionally difficult to obtain information somewhat specific in connection therewith.

The appellant's motion should have been sustained.

Having reached the conclusion that the judgment must be reversed because of the overruling of the motion for an order that the complaint be made more specific, it is not necessary for us to examine other questions discussed by counsel, and which may not again arise.

The judgment is reversed, with costs.

Filed Oct. 30, 1891; petition for a rehearing overruled Feb. 20, 1892.