BLAND ET AL. *v.* UNION CENTRAL LIFE INSURANCE COMPANY.

[No. 26,309. Filed November 1, 1935.]

J. *Harley Drake,* for appellants.

*Charles H. Bedwell,* for appellee.

HUGHES, J.—The appellee, plaintiff below, filed an action in the Sullivan Circuit Court against the appellants, defendants below, as treasurer and auditor of Sullivan county to enjoin them from selling certain real estate belonging to appellee for delinquent taxes accruing against the grantor of appellee until the treasurer of Sullivan county had exhausted the personal property of the grantor of appellee.

It appears from the allegations of the complaint that on July 1, 1927, Clare Thomson and Alta Thomson, his wife, owned certain real estate in Sullivan county, Indiana; that on said date they executed a mortgage to the appellee for $13,500.00 on said real estate and foreclosure proceedings were had on said mortgage on November 24th, 1930; that on January 31, 1931, said real estate was sold to the appellee, plaintiff below, and no redemption was made and on February 2nd, 1932, the appellee received a sheriff's deed to said real estate. It is further alleged in the complaint that on March 1, 1930, Clare Thomson and Alta Thomson were the owners of other real estate located in Sullivan county, Indiana, which was assessed for $1,630 and were also the owners of personal property, valued for taxation at $705, located in said county. It is further alleged that the said Clare Thomson and Alta Thomson wholly failed to pay any

taxes for the year 1930 that were due and payable in 1931, upon the real estate or personal property so owned by them; that the same are due and unpaid and that taxes in the amount of $377.58 are due and unpaid upon the real estate against which the appellee foreclosed and for which it obtained a sheriff's deed; that said taxes are the obligation of Clare Thomson and that he now owns and has continuously owned since March 1, 1930, personal property sufficient in value to fully pay and satisfy the same, if levies thereon were made by the treasurer of Sullivan county and sale thereof was had in the manner provided by law for the collection of taxes of personal property.

It is further alleged that between the first Monday in December, 1931, and the first day of January, 1932, the defendant, as auditor of Sullivan county, made a list of lands and lots remaining delinquent for taxes and included in said list the land of appellee, formerly owned by Thomson, and caused the list to be posted on the door of the court house and other places and printed in two newspapers giving notice that certain tracts of land and lots would be sold to pay delinquent taxes, and penalties on February 8, 1932; that the land assessed in the name of Clare Thomson, but now owned by appellee, was listed for sale, that the total amount of delinquent taxes of Clare Thomson remaining unpaid for the year 1930, and previous years and penalties added was $529.76; that said auditor erroneously and unlawfully included in such list the current tax for the year 1931, which were payable in 1932; that appellants were attempting to collect and enforce by sale the real estate of appellee for not only the delinquent tax of said Thomson, but also taxes that were not due until the first Monday in May, 1932. It is also alleged that the said Thomson is the owner of personal property in said county which is subject to levy and sale for the payment of his taxes and

more than enough to pay all of said taxes in full; that he has been the owner of said personal property continuously since March 1, 1930, that appellee prior to the making of the delinquent list by the auditor, made a demand upon the treasurer to correct the delinquent taxes of Thomson from his personal property, but that said treasurer refused and neglected to do so; that if said treasurer had made a demand, levy, and sale he could have enforced the payment from such personal property and the same can be enforced now if a levy and sale were made.

The appellee, in the prayer of his complaint, asked that the appellants be enjoined from selling the real estate of appellee until such time as the said treasurer shall have taken the proceedings provided for the collection of said delinquent taxes from the personal property of said Thomson.

Appellants filed a demurrer to the complaint for the reason that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled and the appellant refused to plead further. Judgment was rendered for appellee and hence this appeal.

Two grounds are assigned as error as follows:

(1) The court erred in overruling appellant's demurrer to appellee's complaint.

(2) The court erred in rendering judgment and granting an injunction against appellants on the pleadings.

The sole question to be determined is whether the court erred in overruling the demurrer to the complaint. If the complaint was sufficient to withstand the demurrer then it follows that neither of the assignments of error could be sustained in this court.

It can not be questioned that in this state the personal property of a delinquent taxpayer is the primary

source for the payment of delinquent taxes. The statute in force at the times the taxes in question in the instant case became due provided:

"After the first Monday of May, and after the first Monday of November of each year hereafter, the treasurer of each county shall call either in person or by deputy, upon every person named in the tax duplicate, who resides in the county, and who has not paid the taxes charged against him upon such duplicate and he shall make a demand for the amount of such delinquent taxes and the penalty thereon together with the costs of such demand, of each resident delinquent and if the taxes, penalty and costs are not paid within thirty days from such demand, he shall proceed forthwith to levy upon sufficient personal property of such delinquent to pay said taxes, penalty and all costs attached thereto, and to sell the same in the manner and at the place provided by law . . ."

Section 14263, Burns Supp. 1929, Acts 1927, ch. 54, §4. Proceedings for the levy and sale of personal property was provided in §14271, Burns Supp. 1929, §64-1701, Burns 1933, §15778, Baldwin's 1934.

It is clearly seen from the foregoing sections of the statute then in force that it was the duty of the county treasurer, either in person or by deputy, after the first Monday of May, and after the first Monday of November of each year to make a demand and effort to collect taxes remaining delinquent, and if the taxes and penalties were not paid after thirty days from such demand he should then proceed to levy on the personal property of the delinquent taxpayer and sell the same in the manner and at the place as provided by law.

If the treasurer was unable to collect the delinquent tax from personal property belonging to the delinquent taxpayer then it became his duty to sell the real estate as provided by law. Sections 14300, 14301, 14302, 14303, Burns 1926, §§64-2201, 64-2202, 64-2203, 64-2204, Burns 1933, as amended by the Acts of 1931, ch. 4, p. 7.

As heretofore stated, the primary source for the payment of taxes is personal property and it has so been declared in many cases decided by this court. In the early case of *Catterlin* v. *Douglas* (1861), 17 Ind. 213, 214, the court said:

"A tax title is good for nothing where real estate is sold for taxes when the owner has personal property subject to sale, in the county, which is not sought for by the officer."

In the case of *Brown* v. *Donovan* (1869), 32 Ind. 379, it is said:

"It is shown in evidence that Donovan owned abundance of personal property, out of which the taxes against him might have been levied, during the year of the delinquency upon which the sale was made. This as has been repeatedly held by this court, avoided the tax title."

And, again, in the case of *Ring* v. *Ewing, Executor* (1874), 47 Ind. 247, 250, the following language was used:

"Where the party chargeable with a tax on real estate is the owner of personal property, that is primarily liable to seizure for the payment of the tax."

And in the case of *City of Logansport et al.* v. *Carroll* (1883), 95 Ind. 156, 157, the court said:

"It is the settled law of this State that the personal property of a person against whom taxes are assessed must be first levied upon and exhausted before his real estate, against his consent, can be sold to pay the taxes, provided the personal property is of such a nature and so situated that the treasurer, by the exercise of reasonable diligence, can levy upon it and make the amount of taxes."

In the case of *Weaver* v. *Kaufman* (1914), 57 Ind. App. 59, 60, 106 N. E. 398, it was said that:

"It is clearly the purpose of our statute to require that delinquent taxes shall be enforced by levy and sale of the personal property of the delinquent

taxpayer, if any can be found within the county before resorting to the sale of his real estate."

It is specifically alleged in the complaint that Thomson was the owner of personal property of the value of more than $1,000.00, which was subject to levy and sale for the payment of the taxes which the defendants were seeking to enforce by the sale of real estate of the plaintiff and it is further alleged that at the time of the filing of the complaint herein that Thomson was the owner of said personal property of the value above stated and that payment of said taxes could be enforced from the sale of said personal property.

Under the facts as alleged it was clearly the duty of the taxing officers to exhaust the personal property of Thomson first for the payment of the taxes before resorting to the sale of the real estate.

It is contended by appellants that a delinquent taxpayer may insist that his personal property should first be sold to pay taxes before resorting to his real estate, but that this right does not extend to the grantee of a delinquent taxpayer.

We do not think this right is personal to the delinquent taxpayer. It is a right given under the statute which requires that the personal property must first be exhausted to pay delinquent taxes before resort is had to the real estate. If the sale of real estate to pay delinquent taxes is illegal as to the delinquent taxpayer it is also illegal as to the grantee of the delinquent taxpayer. *City of Logansport et al.* v. *Carroll, supra.*

It is alleged in the complaint that the Auditor of Sullivan county erroneously and unlawfully included in the list of delinquent taxes, the current taxes of said Thomson, and will sell the land of plaintiff unless restrained.

Under the tax act of 1919, §14300, Burns 1926, §64-2201, Burns 1933, the current taxes were included

with the delinquent taxes and property might be sold to pay the same. By an act of 1931, chapter 4, pp. 7, 8, 9, §64-2201, Burns 1933, §14300, *supra*, was amended to the effect that the property could only be sold for delinquent taxes, and current taxes were eliminated. As the latter act was in effect in 1932, it was then illegal and unlawful to sell any land for current taxes at a delinquent tax sale.

We think the complaint stated a good cause of action, and the demurrer was properly overruled.

Judgment affirmed.