## GOODWIN and Another, Associate Judges, &c. for the use of Summers, *v.* WILSON and Others.

After a judgment against an administrator on a bond of the intestate, and a recovery against him in an action on that judgment suggesting a devasta-vit, the plaintiff sued on the administration-bond: *Held*, that neither the principal nor his surety could plead plene administravit.

At common law, if an administrator when sued for a debt of the intestate omit to plead plene administravit, and judgment be given against him, assets are admitted; and he cannot afterwards plead that plea, in an action on the judgment suggesting a devastavit.

The statute of 1821 changes this rule of the common law, and admits the plea in such a case; but does not extend the privilege to a suit on the administration-bond, brought subsequently to the recovery for a devastavit.

ERROR to the *Clark* Circuit Court.

HOLMAN, J.—Debt on an administration-bond.   The breach of the condition of the bond, set forth in the declaration, states the recovery of a judgment by *Summers* against the administrator, on a bond given by the intestate; and of another judgment for the same demand, in an action against the administrator for a devastavit.   The sureties of the administrator pleaded that he had fully administered.   Demurrer to the plea and judgment for the defendants.

The plea was inadmissible.   It was no bar to the action.   At common law, if an executor.or administrator failed to plead that he had fully administered, he admitted that he had assets sufficient to satisfy the demand'(1).   While the law thus stood, executors and administrators were often misled in the adjudication of the demands against them in their representative character, and involved by an implied admission of assets far beyond the amount of the estate.   To remedy this evil, the legislature enacted that no mispleading, or lack of pleading, should render any executor or administrator liable to pay any debt of the deceased or damages or costs, beyond the amount of assets which had or might come into his hands.   Stat. 1821, p. 141.   This act has its full operation when an action is brought against an executor or administrator, to render him personally liable on account of having wasted the estate.   In such an action, he is not estopped by any implied admission of assets in the former suit, but may, by virtue of the act, plead the truth of his case, and show that he has fully administered.   The gist of the action is the devastavit, which this act of assembly permits him to controvert.   If the judgment be against him, it is conclusive that he had assets and has wasted them; and of course his personal liability is incontrovertible.   No further day is given him to show any thing about his administration.   If his bond be resorted to, in order to have judgment against his sureties, they have no greater privilege.   They are bound by the judgment against him, and cannot, by any plea, question his personal liability.   If they were permitted to plead that he had fully administered, the plea would not only contradict what was implied by the first judgment, but also what was solemnly determined in the action for the devastavit.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue in law are set aside, with costs.

44

May Term,
**1825.**

GOODWIN
v.
WILSON.

*Saturday,*
*May 7.*

May Term, 1825.

Cause remanded, with directions to permit the defendants to withdraw their joinder in demurrer and plead, &c.

*Nelson*, for the plaintiffs.

*Howk*, *Dewey*, and *Farnham*, for the defendants.

(1) The leading case as to this is *Rock* v. *Leighton*, 1 Salk. 310; which was followed by *Ramsden* v. *Jackson*, 1 Atk. 292,—*Skelton* v. *Hawling*, 1 Wils. 258,—and *Erving* v. *Peters*. 3 T. R. 685. In the last-cited case, however, Ld. *Kenyon* expresses, in strong terms, his disapprobation of this doctrine; and only yields to it, on account of the weight of the authorities. The statute referred to in the text very properly changed the rule. Vide, also, Stat. 1823, p. 323;—1828, p. 45.