Filed May 18, 1896.

---

No. 1,369.

## BOYD v. SMITH ET AL.

:APPELLATE PROCEDURE.—*Bill of Exceptions.—Order-book Entries.*— A bill of exceptions filed during the same term of court in which the rulings complained of were made, will be presumed to have been within the time allowed therefor, when the order-book entry is silent on that point.

TRIAL.—*Right to Open and Close.*—The burden of the issue and the right to open and close cannot be shifted, after the issue is made

up and the trial commenced, in an action on a note providing for attorney's fees, the only answer being plea of payment, by an offer of defendant that if plaintiff should recover judgment, he should be entitled to the amount of attorney's fees demanded in the complaint.

From the Hancock Circuit Court.

*M. Marsh, E. Marsh* and *W. W. Cook,* for appellant.
*R. A. Black, J. B. Black* and *E. B. Pugh,* for appellees.

LOTZ, J.—This action was brought by the appellant, against the appellees, upon a promissory note. The note provided for the unconditional payment of attorney's fees, the amount thereof not being specified therein. The complaint averred that $30.00 would be a reasonable fee for plaintiff's attorneys, and demanded judgment in the sum of $300.00, and for all proper relief. The only answer filed was that of payment. There was a trial by jury, and a verdict in favor of the appellees, upon which judgment was rendered.

One of the assignments of error, in this court, is the overruling of appellant's motion for a new trial. One of the causes for a new trial is that the court erred in permitting the defendants to open and close in the trial of the cause, and in the argument thereof.

The appellees insist that this cause is not properly saved and presented by the record before us; that the bill of exceptions, containing the court's ruling and reference thereto, was not filed or presented to the trial judge within the time given. There is some confusion in the record. It appears, from the order-book entries, that, after the issues had been closed, the defendants filed a written offer to the effect that, if the plaintiff should recover judgment on the note, he should be entitled to

recover the amount of attorney's fees demanded in the complaint, to-wit, $30.00, and orally moved for leave to open and close the case. The plaintiff then filed his motion to open the issues; and that he be permitted to amend his complaint by increasing his demand for attorney fees. This motion was overruled, to which the plaintiff excepted, and twenty days were given in which to file a bill of exceptions. The court then sustained the defendant's motion to open and close the evidence and argument. To this ruling the plaintiff excepted. No time was given to file a bill of exceptions to this ruling. This ruling was made on the 25th day of September, 1893, and subsequently, and at the same term of court, to-wit, on the 16th day of October, 1893, the appellant filed his bill of exceptions No. 1. This bill of exceptions contains the written offer. And it is stated in the bill, that at the time the offer was made, and at the time the court ruled upon the motion, permitting the defendants to open and close, the jury had been impaneled and sworn to try the cause. It is further stated that at the time the court ruled, permitting the defendants to open and close, the plaintiff excepted thereto, and thirty days' time was given in which to file his bill of exceptions.

The appellees insist that the bill was not filed within the time given by the court; that only twenty days were given, as shown by the order-book entry, and that it was not filed until twenty-one days after the time given; and that the recital in the bill, that thirty days were given, cannot prevail over the order-book entry.

It will be seen, however, that the twenty-days' time was given in which to file a bill on the overruling of appellant's motion to open the issues. The ruling on the motion to open and close was a distinct and sep-

arate ruling, although contained in the same entry, and the entry is silent as to the time given in which to file a bill of exceptions in reference to this latter ruling.

The rule is, that if the order-book entry is silent as to the time given in which to file a bill of exceptions, and the bill is filed during the same term of the court, the presumption is that time to reduce the exception to writing was given at the time the ruling was made and exceptions taken. This is upon the principle that what is done during the term is presumed to have been effectively and rightfully done, unless the contrary affirmatively appears. Elliott App. Proced., section 804.

It is also the rule, that in matters which can only properly be brought into the record by a bill of exceptions, if there be a discrepancy or contradiction between the order-book entries and the recital in the bill, the bill of exceptions will govern, for it imports absolute verity. *Indiana, etc., R. W. Co.* v. *Adams*, 112 Ind. 302. The action of the court in permitting the appellees to open and close, is a matter which can only properly be brought into the record by a bill of exceptions. According to the above authorities, the bill of exceptions was properly presented and filed within the time allowed by the court; and it also conclusively appears that the ruling of the court, in permitting the appellees to open and close, was made after the jury had been impaneled and sworn to try the cause, and after the trial had been commenced.

Appellees' counsel further insist that the offer and the ruling theron are not properly in the record, because they are copied into the transcript of the order-book entries, and not set out in the bill. In this, counsel are mistaken. The record shows that the offer and ruling are set out in the transcript of the order-book

entries; and it also appears that the offer, motion, and rulings thereon are set out in full in the bill of exceptions, and the bill of exceptions is properly transcribed and certified to this court. This ruling is properly saved and properly in the record.

The right to open and close a trial is a very important privilege to a litigant, and should not be denied, unless it clearly appears that all of the demands of his complaint are undenied. The party upon whom rests the burden of proof under the issues is entitled to open and close the case, and where the burden of proof rests must be determined from the issues made by the pleadings. *Heilman* v. *Shanklin*, 60 Ind. 424; Elliott App. Proced., section 671.

The offer made in this case is not a pleading that went to the formation of the issues. It was not made until after the trial had commenced. The burden could not then be changed so as to deprive the plaintiff of the right to open and close. Our attention is called to the case of *McCloskey* v. *Davis, Admr.*, 8 Ind. App. 190. The result in that case was unquestionably right. If there is a conflict in the reasoning of that case and the result in this, that is an immaterial matter.

An agreement to pay attorney's fees is one of indemnity. The holder of the note can recover only such damages on account thereof as he has been compelled to pay or incur. If the amount of the attorney's fee is not fixed in the note, the burden is upon the plaintiff to prove what the same is reasonably worth. "The rule is that unless the plaintiff is entitled to recover his entire demand upon the pleadings without evidence, he shall be entitled to open and close." *Starnes* v. *Schofield*, 5 Ind. App. 4.

At the time the trial commenced, in the court below, the burden of proof rested upon the appellant,

under the issues formed by the pleadings. He was required. to prove the reasonable value of the attorney's fee, and he was entitled to open and close. This right could not be shifted after the trial commenced. The right to open and close is not a discretionary matter with the trial court, under the practice in this State. When this right is improperly denied, and the ruling thereon is properly saved and presented on appeal, it is available for the reversal of the judgment. Elliott App. Proced., section 671.

There are other questions in the record, but as their decision is not essential to a final determination of the controversy, and as they may not arise on another trial, we do not deem it necessary to consider them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed May 14, 1896.