TERRE HAUTE, INDIANAPOLIS AND EASTERN TRAC-
TION COMPANY *v.* WOLFORD.

[No. 23,298.  Filed February 6, 1918.]

1.  TRIAL. — *Instructions.* — *Requests Covered by Instructions
Given.*—In an action for injuries sustained in a collision be-
tween an interurban car and an automobile, where the doctrine
of comparative negligence was not commented on in any of the
instructions, and the jury was instructed to return a verdict
for the defendant if any contributing negligence of the plain-
tiff had been established, it was not error to refuse an instruc-
tion that embodied the idea that, if the injury complained· of
was caused by the combined, concurrent negligence of plaintiff
and defendant, the jury would not be warranted in comparing
their separate negligent acts to determine which was the more
negligent, but must find for the defendant, since the instruc-
tion was covered in its legal effect by the instructions given.
p. 92.

2.  TRIAL.—*Instructions.*—*Construction as a Whole.*—Objections
to instructions are of no avail where they attack incomplete
and isolated phrases that are clearly correct when considered
in the light of the context.  p. 93.

3.  APPEAL.—*Estoppel to Allege Error.*—*Instructions.*—*Requests.*
—The appellant cannot complain of instructions given by the
court that were in the identical language of those requested
by it.  p. 93.

4.  APPEAL.—*Assignment of Error.*—*Waiver.*—*Briefs.*—The omis-
sion in appellant's statement of the record of about thirty pages
of the evidence concerning the plaintiff's injuries is sufficient
to operate as a waiver of an assignment of error that the dam-
ages assessed by the jury are excessive, on the authority of the
fifth clause of Rule 22 of the Supreme Court.  p. 93.

From Wayne Circuit Court; *Daniel W. Comstock,*
Special Judge.

Action by Charles T. Wolford against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590). *Affirmed.*

*David E. Watson, Robbins & Robbins,* and *W. H. Latta,* for appellant.

*Freeman & Freeman,* for appellee.

SPENCER, C. J.—This is an appeal from a judgment recovered by appellee on account of personal injuries sustained in a collision between one of appellant's interurban cars and an automobile in which he was riding. All the questions presented for our determination arise out of the action of the circuit court in overruling appellant's motion for a new trial; and the first contention is that appellant's requested instruction No. 9 was improperly refused. This instruction embodies the idea that if the accident and injury complained of

1. were caused by the combined, concurrent negligence of appellant and appellee, the jury would not be warranted in comparing their separate negligent acts, in order to determine which was the more negligent, but must find for appellant. The doctrine of comparative negligence is not recognized by the law of this state and was not commented on in any of the instructions given, but the jury was repeatedly directed to return a verdict for the defendant if any contributing negligence on the part of the plaintiff should be established. We need not determine, therefore, whether the requested instruction was, in any sense, applicable to the issues, for it is not error to refuse an instruction which is covered, in its legal effect, by proper instructions given. *Kingan & Co.* v. *King* (1912), 179 Ind. 285, 291, 100 N. E. 1044.

With one exception, the remaining grounds of the mo-

tion for a new trial, in so far as they are presented for review, relate to certain of the court's instruc-
2. tions given to the jury. The objections urged, however, are so technical and superficial as not to merit consideration in detail. Some of these objections touch only the phraseology of the instruction in question, while in other instances the attack is directed against incomplete and isolated phrases which are clearly correct when considered in the light of the context. Such objections can avail nothing. *Louisville, etc., Traction Co.* v. *Montgomery* (1917), — Ind. App. —, 115 N. E. 673, 675; *Wellington* v. *Reynolds* (1911), 177 Ind. 49, 54, 97 N. E. 155.

In general, appellant's lack of good faith is well illustrated in its objections to the court's instructions Nos. 7 and 11. Those instructions are in the *identical* language of appellant's requested instructions Nos. 13 and 3, respectively, which instructions were adopted by the trial judge without change or modification, and given as a part of his charge to the jury.

Finally, and in the face of an affirmative showing that appellant's statement of the record omits a narrative recital of about thirty pages of evidence, on the
3. ground that it is "confined to plaintiff's injuries," we are asked to consider the assignment that the damages assessed by the jury are excessive. The
4. omission referred to is sufficient to operate as a waiver of the question suggested (Rule 22, cl. 5), but our review of the record reveals nothing to indicate that the verdict was influenced by prejudice, partiality or corruption. It must, therefore, be upheld.

Judgment affirmed.

Lairy, J., concurs in conclusion.

NOTE.—Reported in 118 N. E. 564.