WESTERN INDEMNITY COMPANY v. DAVIDSON ET AL.

[No. 10,719. Filed February 18, 1921.]

1. APPEAL.—*Record.*—*Bill of Exceptions.*—*Filing Within Term.* —*Order Giving Time for Filing.*—*Necessity.*—*Statute.*—Where the bill of exceptions is filed within the term, it is not necessary that any order should be made giving time within which it may be filed under §656 Burns 1914, §626 R. S. 1881, and where a bill of exceptions was filed within the term, it was immaterial that an order giving time for filing was entered four days after the overruling of the motion for new trial. p. 80.

2. GUARDIAN AND WARD.—*Judgment Against Guardian.*—*Liability of Surety.*—Where a judgment or order of the court directs a guardian to pay over a sum ascertained to be in his hands on final settlement as assets belonging to the estate which he has been managing, such judgment or order is conclusive upon him and his sureties, including reinsurers, in an action on the bond, although the sureties were not parties of record to the litigation in which the judgment was entered and had no notice of the pendency of proceedings concerning the guardian's account. p. 82.

From Greene Circuit Court; *Thomas Van Buskirk,* Judge.

Action by the State of Indiana, on the relation of George C. Porter, guardian of George Morgan, insane, against John Davidson and the Federal Union Surety Company, which company was reinsured by the Western Indemnity Company. From the judgment rendered, the reinsurer appeals. *Affirmed.*

*Guy H. Humphreys* and *Curtis C. Hendren,* for appellant.

*W. L. Cavins, Cyrus E. Davis* and *Paul Y. Davis,* for appellees.

NICHOLS, J.—Action by appellee Porter, guardian, in his trust capacity, against appellee Davidson and appellant to recover judgment on a bond executed by said

Davidson and the Federal Union Surety Company, which company was reinsured by appellant.

The error presented is the action of the court in overruling appellant's motion for a new trial, by which appellant undertakes to present error of the court in admitting in evidence the special findings of fact and judgment in the final report of Davidson as guardian, by which it appears that such guardian was indebted to appellee Porter, his successor as guardian, in the sum of $3,301.43, which amount he was ordered to pay into court for the use of said Porter.

The real question presented by this appeal, if the bill of exceptions is in the record, is whether or not the finding and judgment of the court on the exception to Davidson's final report was binding and conclusive against appellant as surety upon said Davidson's bond to the amount owing as determined by said judgment. Appellee Porter says that the bill of exceptions is not in the record, contending that, although the bill of exceptions was filed at the same term in which the motion for a new trial was overruled, the record affirmatively shows that time for filing it was given, not when the motion was overruled, but four days afterward, and that therefore the action of the court in granting the time was without authority and void.

Section 656 Burns 1914, §626 R. S. 1881, provides that: "The party objecting to the decision must except at the time the decision is made; but that time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court."

In the case of Boyd v. Smith (1895), 15 Ind. App. 324, 43 N. E. 1056, the rule is stated that, if the order-book entry is silent as to the time given in which to file the bill of exceptions, and the bill is filed during the same term of the court, the presumption is that time

to reduce the exception to writing was given at the time the ruling was made and exceptions taken, basing this rule on the principle that what is done during the term is presumed to have been done effectively and rightfully unless the contrary affirmatively appears. But it affirmatively appears by the record in this case that the motion for a new trial was overruled on September 1, 1919, while the time for filing the bill of exceptions was given on September 5, 1919, four days after the motion for a new trial was overruled. It is clear that the time for filing the bill was not given at the time the exceptions were taken upon the overruling of the motion for a new trial, and if it was necessary to give time for the filing of the bill and to give the same at the time of the overruling of the motion and exceptions thereto, the bill of exceptions cannot be said to be in the record. We are not unmindful of the statement made in *Boyd* v. *Smith, supra,* which is in harmony with the holding of the court in the cases of *Noblesville Gas, etc., Co.* v. *Teter* (1890), 1 Ind. App. 322, 27 N. E. 635; *Lake Erie, etc., R. Co.* v. *Fix* (1882), 88 Ind. 381, 45 Am. Rep. 464; *Volger* v. *Sidener* (1882), 86 Ind. 545; *Boyce* v. *Graham* (1883), 91 Ind. 420, and *Landers* v. *Beck* (1883), 92 Ind. 49. But in the Supreme Court the later cases have not required that there should be a presumption that time for filing the bill of exceptions was given at the time that the exceptions were taken. In the case of *Wysor* v. *Johnson* (1892), 130 Ind. 270, 30 N. E. 144, when the motion for a new trial was overruled there was an exception, but no time was given for filing the bill of exceptions, and it was held that if, notwithstanding no time was asked or given for filing the bill of exceptions, the proper bill was actually signed and filed during the term of court at which the ruling was made, it was sufficient. In *Barber* v. *Barber* (1896), 146 Ind. 390, 44 N. E. 804, the bill of exceptions was filed at

the same term at which the order excepted to was made, and the court held that, the entry of such finding having been made in term time, the bill of exceptions was a part of the cause, and therefore a part of the record under the provisions of the statute. In *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 92 N. E. 49, 94 N. E. 881, the court said that: "After the enactment of the statute of Westminster, A. D., 1285, when bills of exception were first authorized, the bill spoke for itself in term, embracing matters not otherwise in the record, and there was no need that the record should grant time, as is yet true respecting bills taken in term, * * *."

On the authority of these last cases, expressing the rule as determined by the Supreme Court, we hold that where the bill of exceptions is filed within the
1.  term it is not necessary that any order should be made giving time within which such bill of exceptions may be filed. The bill of exceptions is in the record.

It appears by the record that appellee Davidson had resigned as guardian and filed his final report; that appellee Porter had been appointed as successor before the account was approved, and had filed exceptions to it. Appellant was not a party of record to the litigation on these exceptions, and it does not appear that it had any notice of the pendency of the litigation, except in so far as its privity with its principal charged it with notice. Porter's exceptions charging neglect and failure of duty against Davidson were sustained, and Davidson was ordered by the court to pay to the clerk for the use of his successor $3,301.43, which amount Davidson did not pay, and this action resulted. At the trial of the cause appellee Porter introduced in evidence the proceedings and judgment of the court fixing the amount due from appellee Davidson to his successor

in office, to the introduction of which evidence proper exceptions were saved and the question of its admissibility was presented by appellant's motion for a new trial. It is the contention of appellee Porter that the judgment against appellee Davidson as principal ordering and directing him to pay into court said money for the use of his successor, is conclusive against appellant as surety, and that therefore other evidence cannot be heard impeaching such judgment of the court; while it is the contention of appellant that it is not bound and concluded by such judgment against the principal until it has had its day in court or an opportunity to be heard in its defense.

In the case of *Goodwin* v. *Wilson* (1825), 1 Blackf. 344, it was held that in an action of *devastavit:* "If the judgment be against him (the administrator), it is conclusive that he had assets and has wasted them; and of course his personal liability is incontrovertible. No further day is given him to show anything about his administration. If his bond be resorted to, in order to have judgment against his sureties, they have no greater privilege. They are bound by the judgment against him, and cannot, by any plea, question his personal liability. If they were permitted to plead that he had fully administered, the plea would not only contradict what was implied by the first judgment, but also what was solemnly determined in the action for the devastavit." To the same effect see *Governor* v. *Shelby* (1826), 2 Blackf. 26.

In *Salyer* v. *State, ex rel.* (1854), 5 Ind. 202, the action was against an administrator and his surety upon a $10,000 bond. The administrator made a pretended settlement which was afterward set aside, and the court found that there was in the administrator's hand $1,732, and judgment was recovered against the admin-

istrator for that amount. The surety was not a party to the proceeding, but it was held that the defendant, the surety, cannot be permitted to controvert the *devastavit* established against the principal.

In the case of *Ferguson* v. *State, ex rel.* (1883), 90 Ind. 38, the action was against an administrator and his sureties upon a bond of the administrator. The sureties contended that the court erred in admitting in evidence the record of proceedings which resulted in setting aside the reports of the commissioner, but the court held that the admission of such a record was harmless, stating that: "The law requires executors, administrators and guardians to make final settlements. These, when approved by the court, are conclusive until set aside."—citing *Pate* v. *Moore* (1881), 79 Ind. 20; *State, ex rel.* v. *Slauter* (1881), 80 Ind. 597; §§2402, 2403 R. S. 1881, §§2924, 2925 Burns 1914.

Other cases to like effect are *Candy, Admr.,* v. *Hanmore* (1881), 76 Ind. 125; *Castetter, Admr.,* v. *State, ex rel.* (1887), 112 Ind. 445, 14 N. E. 388; *Carver* v. *Lewis, Admr.* (1886), 105 Ind. 44, 2 N. E. 714; *Holland* v. *State, ex rel.* (1874), 48 Ind. 391; *Parsons, Admr.,* v. *Milford, Admr.* (1879), 67 Ind. 489; *State, ex rel.* v. *Wheeler* (1891), 127 Ind. 451, 26 N. E. 552, 1008; *Lake Erie, etc., R. Co.* v. *Fix, supra; Volger* v. *Sidener, supra; Pitzer* v. *Indianapolis, etc., R. Co.* (1881), 80 Ind. 569.

While a contrary rule seems to be recognized in the cases of *Lowry* v. *State, ex rel.* (1878), 64 Ind. 421, and in *Cogswell* v. *State, ex rel.* (1878), 65 Ind. 1, 2. the decided weight of authority is to the effect that, where a judgment or order of the court directs a guardian to pay over a sum ascertained to be in his hands on final settlement as assets belonging to the estate which he has been managing, such judgment or order is conclusive upon him and his sureties in an action on the bond. An extended discussion of this ques-

tion is found in the case note to *P. Ballantine & Sons* v. *Fenn* (1911), (Vt.) 40 L. R. A. (N. S.) 698.

Having reached this conclusion, we hold that there was no error in admitting in evidence the special finding and judgment, and that any evidence as to the management of the estate prior to the judgment or order against the guardian directing him to pay the funds with which the court charged him to the clerk for the use of appellee Porter was clearly inadmissible. Other errors are presented, but it is unnecessary to consider them. The judgment is affirmed.