## FEICHTER *v.* SWIFT.

[No. 10,704. Filed November 2, 1921. Rehearing denied January 26, 1922.]

1. EXCEPTIONS, BILL OF.— *Filing within Term.— Order Giving Time.—Necessity.*—Where on the overruling of the motion for new trial no time was given in which to file a bill of exceptions, although on rendition of judgment thirty days were given

within which to file the bill, a bill of exceptions filed during the term at which the motion for new trial was overruled is a part of the record. p. 429.

2. EVIDENCE.—*Selling Price of Lumber.*—*Evidence of Other Sales.*—*Admissibility.*—In an action to foreclose a lien for lumber furnished, testimony as to other sales of lumber made by plaintiff, offered by defendant, was inadmissible to show the price at which the lumber was delivered to her. pp. 429, 430.

3. EVIDENCE.—*Relevancy.*—Any fact or circumstance that tends to render a claimed fact more or less probable is relevant to show whether such fact exists. p. 429.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by Jacob H. Feichter against Rose Swift. From the judgment rendered, the plaintiff appeals. *Reversed.*

*Acken & Peters,* for appellant.

*Breen & Morris,* for appellee.

McMAHAN, J.—Complaint by appellant to foreclose a mechanic's lien, alleging that he furnished lumber to appellee for the erection of a barn at an agreed price of $931. Appellee contended that she purchased the lumber from appellant at $40 per thousand feet and before suit tendered appellant $425, which was later paid into court.

The court found that there was due and owing appellant $420.72, that being the value of the lumber at $40 per thousand. On February 26, 1919, appellant filed his motion for a new trial. This motion was overruled May 8, 1919, and exception reserved. On May 14, judgment was rendered, appeal prayed, granted, and thirty days given in which to file bond and bill of exceptions. The bill of exceptions was filed May 29, which was during the term at which the motion for new trial was overruled. The only error assigned relates to the action of the court in overruling the motion for a new trial.

Appellee insists that no question is presented. Her contention is that when the motion for a new trial was overruled no time was given in which to file a bill of exceptions; that the order made on the rendition of judgment is not authorized by law and is void, and that the bill of exceptions is not therefore in the record. This identical question was passed upon by this court in *Western Indemnity Co.* v. *Davidson* (1921), 75 Ind. App. 77, 129 N. E. 860, where the question was decided against appellee's contention.

During the trial appellee offered to prove by Christian Cramer that he purchased some lumber for a barn from appellant about the same time appellee got her lumber, and that he paid appellant $40 per thousand. She also offered to prove by herself that while building her barn she purchased some lumber from another party at $40 per thousand feet. At that time the court sustained appellant's objections to the proffered testimony. After the parties had rested their case, and after argument the cause was taken under advisement. A few days later the court on its own motion revised its ruling on the admission of this evidence, overruled appellant's objections and permitted the witnesses to testify to the facts as above stated. Immediately following the introduction of this evidence the court entered its finding in favor of appellant for $420.72 in harmony with appellee's contention. It is quite reasonable to assume that the court considered this evidence as important, and that it was influential in the mind of the court. If it was error to admit this evidence, such error cannot be said to be harmless.

It is a familiar rule of evidence that any fact or circumstance that tends to render a claimed fact more or less probable is relevant to show whether the claimed fact exists or not. *Gilfillan* v. *Gilfillan's Estate* (1916), 90 Vt. 94, 96 Atl. 704. The rule

relative to the introduction of evidence of collateral facts is stated in 1 Jones, Commentaries on Evidence §135, as follows: "No precise and universal test of relevancy is furnished by the law. The question must be determined in each case according to the teachings of reason and judicial experience. 'If the evidence offered conduces in any reasonable degree, to establish the probability or improbability of the fact in controversy, it should go to the jury. The question as to its admission or rejection addresses itself to the court as one to be answered with a view to practical, rather than theoretical considerations. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other certain or more probable."

This court in *Evans* v. *Koons* (1894), 10 Ind. App. 603, 33 N. E. 350, in discussing the admissibility of collateral facts, said: "We do not see how the fact that appellee made or offered to make other contracts about the time the present one was entered into and that such other contracts were of the tenor and effect of the one which the appellant claims was made in the present instance, would tend to prove that the contract in the case at bar was such as the appellant asserts, * * *" For a similar application of the rule see *Cleveland, etc., R. Co.* v. *Wynant* (1888), 114 Ind. 525, where evidence that other horses had taken fright and shied at an object was held not admissible.

The court clearly erred in admitting the testimony of the above witnesses.

Appellee contends that there was such a variance between the allegations of the complaint as to prevent a recovery. This question may not arise upon a second trial and need not be considered by us at this time.

Judgment reversed with directions to sustain appel-

lant's motion for a new trial and that appellant be given leave if he desires to file amended or additional paragraphs of complaint and for further proceedings consistent with this opinion.