HANCOCK TRUCK LINES, INC. *v.* BUTCHER.

[No. 28,725. Filed October 24, 1950. Rehearing denied
December 6, 1950.]

38

*Robert D. Markel, Wilbur S. Furlow, Clifton L. Markel,* all of Evansville; and *Charles Ashley,* of Boonville,. for appellant.

*Leonard Ashley,* of Boonville, *William L. Mitchell,* of Evansville, and *Paul F. Mason,* of Rockport, for appellee.

EMMERT, C. J.—This is an appeal from a judgment on a verdict for the appellee who was the defendant and counter-claimant in the trial court. The only error assigned here which has not been waived is the over-ruling of appellant's motion for a new. trial, which stated as causes therefor, that the verdict was not sustained by sufficient evidence and was contrary to law, and errors in excluding certain testimony, in the giving of certain instructions, and in refusing certain of appellant's requested instructions.

Appellant's amended complaint was for property damages to one of its trucks involved in a collision with an automobile being driven by appellee on state road No. 57 about ten miles north of Evansville the morning of November 17, 1943, at about 5:30 o'clock. It charged the truck was being driven southward by Harold Farley on the west half of the highway, and that the collision was caused by appellee's negligence in (1) failing to yield one-half of the highway, (2) failing to keep a reasonable lookout, (3) driving into the west lane of the highway, and (4) operating said automobile when she was sleepy and dozing. Appellee's answer in two paragraphs denied the allegations of the complaint and charged the collision was caused by the contributory negligence of appellant's driver Harold Farley.

Appellee's counter-claim for personal injuries charged the collision was caused by the negligence of appellant's driver in (1) driving at a speed of 50 to

55 miles per hour, (2) failing to keep a lookout ahead, (3) failing to yield one-half of the highway to appellee's approaching car, and (4) driving when sleepy and dozing. Appellant's answer to the counter-claim, in general, denied the charges of negligence, and further charged that the collision was caused by the contributory negligence of appellee, the acts being stated substantially in the language used in the complaint to charge negligence.

The evidence is in conflict as to how and on what side of the highway the collision occurred. The photographs and the testimony as to the debris and marks on the highway do not conclusively establish appellee failed to yield one-half the highway, or that the impact was on the west half of the highway which ran in a general north and south direction. From the manner in which the vehicles came to rest on the east section of the roadway and berm, and from the photographs showing the place of the collision and the damage to the wrecked vehicles, the jury had the right to infer that appellant's tractor trailer truck hit appellee's automobile on the east side of the highway. The jury had the right to find that the testimony of the truck driver as to how and when the vehicles came together was discredited by his cross-examination, and that appellee's testimony was sufficient to warrant a recovery. The verdict was sustained by sufficient evidence and was not contrary to law.

The appellant asserts that the trial court committed error in striking out certain testimony of the witness Walter R. Brown, who with his son, Charles R. Brown, was driving a truck behind appellee for about ten miles the morning of the collision. It is appellant's contention that appellee, who was a housewife for her husband and three children, was unaccustomed to working at night in an airplane factory,

and drove her car when sleepy or dozing, which caused her to permit her automobile to go to the west side of the highway in front of appellant's truck. The burden on this issue was upon appellant. Appellee, who was 45 years of age, had worked two nights at the Republic Aviation factory north of Evansville. She began work at 6:00 P. M. and quit at 5:00 A. M. with an hour off for lunch. Upon cross-examination she stated that after she got off work the first night she was not too sleepy, went home and did the dishes and went to bed, and when she laid down she went to sleep. Her daughter, who was 13 years old, went to school, and the men of the household waited on themselves during the day. When she quit work the next morning the weather was chilly and clear, and frost was on the windshield of her automobile, which she cleaned off with hot water obtained from the plant. She drove with a window down in order to keep the windshield from frosting. She heard the roar of the truck as she observed it coming around a curve a quarter of a mile north of the place of collision, and she saw the truck come right toward her, but that she did not have time to do anything. There was a gradual rise in the road south of the scene of the collision, which reached its crest in about a quarter of a mile. Appellant's truck driver testified that appellee's car suddenly came on his side of the road. There was no testimony that any witness saw appellee in the car act as if she were dozing or asleep. The court first permitted the truck driver Brown to testify that twice during the time he was following appellee's car, which was 300 to 400 feet in front of him, appellee's car went to her left and across the center line of the highway, the last time being just before she drove over the hill south of the scene of the collision. Brown stated his truck was not equipped with sealed beam lights, and they were not

"any too good." The trial court then reversed its ruling on the objection to this testimony and instructed the jury to disregard the testimony of the witness as to what happened as to appellee's car being across the center of the highway before arriving at the scene of the collision.

There is no precise standard for determining the relevancy of offered evidence, and such questions must be determined by the facts in each case. *Feichter* v. *Swift* (1921), 77 Ind. App. 427, 132 N. E. 662. If, in the light of general experience the offered testimony logically tends to prove some issue or fact material to the controversy, the evidence is relevant. 2 Jones, *Evidence* (2d Ed.), § 589; 1 Wigmore, *Evidence* (3rd Ed.), § 32, p. 421. In the absence of other evidence tending to establish that the appellee was sleepy or dozing at the time she was driving her car home, we are unable to see how testimony that she drove her car to the left of the center of the highway twice in ten miles when no other vehicles were approaching or passing her had any probative value to establish that she was sleepy or dozing at the place of the collision.

The trial court gave a total of 27 instructions to the jury, which included seven given by the court on its own motion, five requested by appellee, and fifteen requested by appellant. Seven instructions requested by appellant were refused. When the instructions are considered in their entirety, it appears that the jury was adequately and fairly instructed. It is not necessary to give an extended discussion to decide most of the issues on instructions raised here by appellant, but all asserted errors have been considered even though many do not merit mention. In considering objections to instructions given, appellant is confined to his specific objections made in

the trial court before the instructions are read to the jury. Rule 1-7. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106.

We fail to understand how the jury was confused by the court's instruction No. 1, which read to the jury all the pleadings filed in the cause. The jury must have understood what the issues were when this instruction is considered with other instructions given in the cause.

## APPELLEE'S INSTRUCTIONS

There was no error in giving any of appellee's requested instructions. Instruction No. 3 told the jury that contributory negligence on the part of appellant's truck driver would bar recovery by it.

It is apparent the terms "careless" and "carelessness" were used as synonymous with negligence. 45 C. J. 633; 65 C. J. S. 315.

Number 4 told the jury that the truck driver was required to use ordinary care under the circumstances. Appellant's objection was that it was not limited to the negligent acts as alleged in the counterclaim. But the instruction was correct under the issues made on the complaint, for the answer thereto denied the allegations of the complaint, and specifically pleaded general contributory negligence of the truck driver. Contributory negligence is provable under a specific denial or answer of no information. Rule 1-3. *Holt* v. *Basore* (1948), 118 Ind. App. 146, 77 N. E. 2d 903. It was not necessary for this instruction to embody the element of proximate cause, which was covered by other instructions.

Number 5 instructed the jury that it was the duty of the operator of a motor vehicle to exercise ordinary

care to avoid a collision "which duty included the duty of keeping and maintaining a lookout for other traffic on the highway," and that a failure to exercise such ordinary care or keep a lookout constituted negligence, which if proximately caused injury, constituted actionable negligence provided the injured person was free of contributory negligence. Appellant's objection was to the effect that the instruction did not inform the jury that the operator was only required to keep and maintain a reasonable lookout. But there is no fact in this record, or reasonable inference from any fact that would excuse either driver from keeping a lookout before the collision; so under the facts the instruction was proper.

Instruction No. 7 in substance set forth the statutory duty to yield one-half of the main traveled portion of the roadway (§ 47-2011, Burns' 1940 Replacement), and that a violation thereof constituted negligence. The objection was that a violation of this statute was only prima facie negligence. In *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629, we held that a violation of § 47-2010, Burns' 1940 Replacement, was prima facie evidence of negligence, but that if there was no evidence in the record, or any reasonable inference from any evidence which would excuse such conduct, such driving was negligence as a matter of law. In *Northern Indiana Transit* v. *Burk* (1950), 228 Ind. 162, 89 N. E. 2d 905, we held that if there was no evidence showing an excuse for the violation of a statute which constituted prima facie evidence of negligence, it was not error to instruct that a violation of the statutory duty was negligence. The record here does not disclose any excuse for either party to drive to the left of the center of the highway when meeting the other vehicle, and therefore there was no prejudicial error in giving such instruction, even

though it was inaccurate as an abstract proposition of law.

## APPELLANT'S INSTRUCTIONS

Nor was there any error in refusing appellant's requested instructions. Appellant's instructions No. 13 and No. 16 assumed there was evidence which would justify the jury in finding that the appellee was operating the car while sleeping and dozing. This contention has already been decided adversely to the appellant.

Instruction No. 14 stated the duty of an operator of a motor vehicle to yield at least one-half of the main traveled portion of the roadway as nearly as possible. Instruction No. 26 is also on a failure to yield one-half of the main traveled portion of the highway. The refusal of these instructions was not error, since the court gave appellant's instructions No. 7 and No. 10 which adequately covered this issue.

Instruction No. 15 stated that there was a duty to keep a reasonable lookout ahead for other traffic on the highway. The jury was adequately instructed on the duty to maintain a reasonable lookout when the court gave appellant's instruction No. 11. As before noted, nothing in this record would relieve either party from the duty to maintain a lookout immediately before and at the scene of the collision.

Instruction No. 19 in substance told the jury that appellant's truck driver was not required to anticipate that the appellee would suddenly turn her vehicle to the left of the traveled portion of the highway or refuse to yield one-half of the highway, if she did. This subject matter was adequately covered by the appellant's instruction No. 17 given to

the jury, which stated that the driver of a motor vehicle was not required to anticipate that another approaching vehicle would be operated to the left of the center line when passing him, or fail to give one-half of the highway.

Instruction No. 24 in substance states that under the law of this state there is no comparative negligence, or degrees of negligence. However, by appellant's instruction No. 23, the jury was advised that the negligence of both parties would bar recovery by either. It was not necessary to instruct on comparative negligence. *Terre Haute, etc., Traction Co.* v. *Wolford* (1918), 187 Ind. 91, 118 N. E. 564.

Judgment affirmed.

NOTE.—Reported in 94 N. E. 2d 537.