## VORHIS v. STATE OF INDIANA.

[No. 29,026. Filed December 28, 1953. Rehearing denied February 10, 1954.]

*Howard R. Hooper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Thomas M. Crowdus,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a finding made by the trial court that appellant was guilty of robbery as charged in the first paragraph of an affidavit. He was sentenced to the Indiana State Reformatory for a term of not less than ten nor more than twenty-five years. The error assigned here is that the trial court erred in overruling appellant's amended motion for a new trial, which questioned the sufficiency of the evidence to sustain the finding, and also alleged that the trial court erred in admitting evidence that the arresting officers found twenty-nine one-half-dollars upon his person at the time of the arrest.

After conviction this court does not weigh the evidence, or attempt to determine the credibility of witnesses heard by the trial court. When the evidence is viewed most favorably to the State, the trial court was justified in finding that the appellant, in company with three other men, at about

3:00 o'clock A.M., did rob Bradley C. Van Huss of the sum of $1,434.82 in lawful currency and silver of the United States of America, said money being in the possession of Van Huss and the property of Walt's Super Market, Inc. Store No. 3 of said corporation is located at 2440 Lafayette Road, Marion County, Indiana, and was in charge of Bradley C. Van Huss and his wife, Billie Van Huss. They were just getting ready to sweep up when appellant and Richard Berry entered the store. Berry threatened her with a revolver, and appellant put a revolver against the person of Bradley C. Van Huss and told him it was a holdup. He was pushed into an office, hit in the head several times with the revolver, and he and his wife were bound with a telephone wire while appellant, Richard Berry, and two other men who joined the first two after the robbery was in progress, completed looting the cash register and office of the money that was taken. There was stolen at least $100 in silver half-dollars in rolls of $10.00 each.

The next day, on January 22nd, appellant was arrested, searched, and placed in jail, and the following day Richard Berry was arrested and placed in jail. Appellant was identified at the jail by Bradley C. Van Huss as the man who threatened him with a revolver and took the money.

Appellant asserts that the evidence as to the 29 half-dollars found on the appellant at the time of arrest was irrelevant and therefore improperly admitted.

"It is a familiar rule of evidence that any fact or circumstance that tends to render a claimed fact more or less probable is relevant to show whether the claimed fact exists or not. *Gilfillan* v. *Gilfillan's Estate* (1916), 90 Vt. 94, 96 Atl. 704. The rule relative to the introduction of evidence of collateral

facts is stated in 1 Jones, Commentaries on Evidence §135, as follows: 'No precise and universal test of relevancy is furnished by the law. The question must be determined in each case according to the teachings of reason and judicial experience. "If the evidence offered conduces in any reasonable degree, to establish the probability or improbability of the fact in controversy, it should go to the jury. The question as to its admission or rejection addresses itself to the court as one to be answered with a view to practical, rather than theoretical considerations. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other certain or more probable." ' " *Feichter* v. *Swift* (1921), 77 Ind. App. 427, 429, 430, 132 N. E. 662. See also *Hancock Truck Lines* v. *Butcher* (1950), 229 Ind. 36, 43, 94 N. E. 2d 537, where we held that "If, in the light of general experience the offered testimony logically tends to prove some issue or fact material to the controversy, the evidence is relevant. 2 Jones, *Evidence* (2d Ed.), §589; 1 Wigmore, *Evidence* (3rd Ed.), §32, p. 421."

There was evidence introduced without objection that appellant the night of January 21st had been gambling in a dice game and betting substantial amounts, very little of it being in silver. In the light of common experience we believe that the evidence of the half-dollars found on him when considered with the identification made by the victim, establishes the relevancy of the questioned evidence, and that the court committed no error in its ruling that it was admissible.

The evidence was sufficient to sustain the finding and was not contrary to law. The amended motion for new

trial, which was filed before the expiration of thirty days from the finding, was properly overruled.

Judgment affirmed.

NOTE.—Reported in 116 N. E. 2d 233.